

FILED & ENTERED

SEP 29 2015

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY tatum    DEPUTY CLERK

**OPINION NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>**DIVINE M. AUBRY,**<br><br>Debtor. | No. 2:13-bk-25295 RK<br><br>Chapter 7<br><br>**MEMORANDUM DECISION RE: DISAPPROVAL OF DEBTOR'S WAIVER OF CHAPTER 7 DISCHARGE** |

    Pending before this court is the Debtor's so-called "Waiver of Chapter 7 Discharge" (the "Waiver") filed by debtor Divine M. Aubry (the "Debtor") on September 7, 2015.  *Debtor's Waiver of Chapter 7 Discharge* (Docket No. 54).  Through the so-called "Waiver," the Debtor now seeks to waive her Chapter 7 bankruptcy discharge nearly two years after the court entered the discharge order in this case on September 16, 2013.  Docket No. 14.  The so-called "Waiver" is subject to the court's approval pursuant to 11 U.S.C. § 727(a)(10).

    Debtor in her so-called "Waiver" asserts that "Per Bankruptcy Code Section 727(a)(10), a discharge of all debts may be denied where the debtor executes a written waiver of discharge, after entry of the order for relief (after the bankruptcy petition is filed), and the written waiver of discharge was approved by the court."  *Waiver* at 1.  The so-called "Waiver" also asserts that "Per Bankruptcy Code Section 523(a)(10), a debtor,

1  in a later filed bankruptcy cannot discharge debts that were or could have been listed in a
2  prior bankruptcy where the debtor waived the discharge." *Id.* at 1.  Debtor's so-called
3  "Waiver" was not noticed for hearing.
4        Having considered Debtor's so-called "Waiver," the court now rules and
5  disapproves the so-called "Waiver," holding that it is legally ineffective since it is untimely
6  under 11 U.S.C. § 727(a)(10), having been made after the bankruptcy discharge has
7  been entered.  *In re Bailey,* 220 B.R. 706, 710 (Bankr. M.D. Ga. 1998)(a debtor's waiver
8  of discharge under 11 U.S.C. § 727(a)(1) must occur prior to discharge); *In re Newton,*
9  490 B.R. 126, 128 (Bankr. D. D.C. 2013)(same); *In re Grabowski,* 462 B.R. 534, 538
10 (Bankr. W.D. Pa. 2011)(same); *see also, In re Mi Jung Hong,* 2014 WL 465562 (Bankr.
11 C.D. Cal. 2014)(Kwan, J.)(revocation of a Chapter 7 bankruptcy discharge is not
12 equivalent to waiver of discharge, rejecting debtor's argument that post-discharge waiver
13 of discharge is permissible), *citing inter alia, In re Markovich,* 207 B.R. 909 (9th Cir. BAP
14 1997)(holding that a Chapter 7 bankruptcy debtor lacks standing to seek revocation of a
15 discharge under 11 U.S.C. § 727(d) and the bankruptcy court lacks inherent equitable
16 power to revoke a discharge outside of 11 U.S.C. § 727(d)); *contra, In re Starling,* 359
17 B.R. 901 (Bankr. N.D. Ill. 2007); *In re Magundavo,* 313 B.R. 175, 179 n. 6 (Bankr.
18 S.D.N.Y. 2004)(dicta); *In re Jones,* 111 B.R. 674, 680 (Bankr. E.D. Tenn. 1990).  As
19 discussed in *Mi Jung Hong,* the court disagrees with the contrary authority in *Starling,*
20 *Magundavo* and *Jones* for the reasons stated by the court in *Newton* in that the contrary
21 cases do not analyze the statutory language of 11 U.S.C. § 727(a) as discussed below.
22 *In re Mi Jung Hong,* 2014 WL 465562, slip op. at *5 n. 4, *citing, In re Newton,* 490 B.R. at
23 128.
24       11 U.S.C. § 727(a) provides: "The court shall grant the debtor a discharge, unless
25 . . . (10) the court approves a written waiver of discharge executed by the debtor after the
26 order for relief under this chapter . . . ."  Although 11 U.S.C. § 727(a) provides that the
27 waiver must be filed after the order for relief, 11 U.S.C. § 727(a) does not expressly state
28

1 a deadline for the debtor to file such a waiver.  *See, e.g., In re Bailey,* 220 B.R. at 710;

2 *accord, In re Mi Jung Hong,* 2014 WL 465562, slip op. at *5.

3       The court begins its analysis with the language of the relevant statute, 11 U.S.C. §

4 727(a)(10).  *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 241 (1989) ("The

5 task of resolving the dispute over the meaning of [a statute] begins where all such

6 inquiries must begin: with the language of the statute itself.") (citation omitted), *cited in, In*

7 *re Markovich,* 207 B.R. at 912; *accord, In re Mi Jung Hong,* 2014 WL 465562, slip op. at

8 *3.  "[W]here . . . the statute's language is plain, the sole function of the courts is to

9 enforce it according to its terms." *Id.* (citation and internal quotation marks omitted).  The

10 introductory clause of 11 U.S.C. § 727(a) states that "The court shall grant the

11 discharge," which presumes that the Chapter 7 bankruptcy discharge has not yet been

12 entered, and modifies 11 U.S.C. § 727(a)(10), which states that the court shall not grant

13 the discharge if "the court approves a written waiver of discharge executed by the debtor

14 after the order for relief under this chapter . . . ."  Accordingly, under 11 U.S.C. §

15 727(a)(10), a court's hypothetical approval of a written waiver of discharge only applies

16 when the discharge order has not yet been entered.  This is consistent with the plain

17 meaning of Federal Rule of Bankruptcy Procedure 4004(c)(1), which provides that "the

18 court shall not grant the discharge if: . . . (C) the debtor has filed a waiver under §

19 727(a)(10) . . . ."  Like 11 U.S.C. § 727(a)(10), Rule 4004(c)(1) also presumes that the

20 discharge order has not yet been entered.

21       In *Newton*, the court stated that "[a] debtor must seek approval of a waiver before

22 the court proceeds to enter discharge."  490 B.R. at 128; *accord, In re Mi Jung Hong,*

23 2014 WL 465562, slip op. at *5.  Regarding the statutory language of 11 U.S.C. §

24 727(a)(10), the court in *Newton* stated:

25
> As stated in *Grabowski v. Americredit (In re Grabowski)*, 462 B.R. 534, 538
26
> (Bankr.W.D.Pa.2011): the very structure of Section 727(a)(10) makes clear
> that the proposed "waiver" of a discharge is forward-looking and must be
27
> presented to the Court before a discharge has been granted. ("The court
> shall grant the debtor a discharge unless—the court approves a written
28

3

waiver of discharge executed by the debtor after the order of relief under this chapter.") Thus, "[w]hile no deadline has been expressly stated by the Code or Rules, the vesting of rights following the entry of discharge is a circumstance which Debtor could reasonably anticipate and which will be deemed to preclude the exercise of Debtor's right to waiver of [sic] the discharge." *In re Bailey*, 220 B.R. 706, 710 (Bankr.M.D.Ga.1998).

*In re Newton*, 490 B.R. at 128. Regarding Congressional intent, the court further observed:

> Congressional intent would be frustrated by allowing a debtor to obtain a vacating of the discharge. A discharge carries consequences of finality for the debtor-creditor relationship (such as being a bar to obtaining a discharge in a new case filed within a specified statutory period of time later). The debtor's present and future creditors are entitled to certainty regarding whether those consequences are in place, a certainty achieved by the requirement that if a debtor is going to waive her discharge, she must seek approval of such a waiver before a discharge is entered. As stated in *In re Gomez*, 456 B.R. [574,] at 577 [(Bankr. M.D. Fla. 2011)]: 'The discharge injunction is permanent; it forever enjoins a debtor's creditors from pursuing the debtor for discharged debts. Debtors and their creditors rely upon the permanency of the discharge and the discharge injunction. Aurora received a Chapter 7 discharge more than two years ago and has enjoyed the benefits of the discharge and the discharge injunction. Her creditors have relied upon the permanency of her discharge and the discharge injunction.' A debtor ought not be allowed to reap the advantages of a discharge and to later obtain a vacating of the discharge when she realizes the discharge has adverse consequences as well. *See In re Gomez*, 456 B.R. at 577 (debtor not allowed to obtain vacating of chapter 7 discharge in order to undo the bar of 11 U.S.C. § 1328(f) against obtaining a discharge in a later chapter 13 case filed within four years of the filing of the chapter 7 case).

*In re Newton,* 490 B.R. at 128-129; *see also*, *In re Bailey*, 220 B.R. at 709-710 ("if Debtor's motion is to be granted on this basis, every discharge in every case might be subject to waiver forever. Such a chaotic result cannot be deemed to be the intent of congress.").

Similarly, in *In re Bailey*, the court concluded that while 11 U.S.C. § 727(a)(10) does not contain a deadline, a waiver of discharge must be filed prior to discharge. 220 B.R. at 710. The *Bailey* court reasoned:

> While the Court recognizes the arguable inequity presented by concluding that a waiver cannot be filed after a discharge is entered, any such inequity is offset by the necessity for finality and predictability. While no deadline has been expressly stated by the Code or Rules, the vesting of rights following the entry of discharge is a circumstance which Debtor could reasonably anticipate and which will be deemed to preclude the exercise of Debtor's right to waiver the discharge.

*Id.* at 710; *see also In re Williams*, 2014 WL 6774242, slip op. at *3 (Bankr. W.D. Mich. 2014), *quoting, In re Newton*, 490 B.R. at 128 (stating that "the discharge . . . carries 'consequences of finality' not only for current creditors whose claims are forever barred from collection, but also for post-petition creditors who may rely upon the bar to the debtor obtaining a discharge in a new case within the statutorily-prescribed time periods.").

The Debtor's so-called "Waiver" also asserts that "Per Bankruptcy Code Section 523(a)(10), a debtor, in a later filed bankruptcy cannot discharge debts that were or could have been listed in a prior bankruptcy where the debtor waived the discharge." *Waiver* at 1. That is, the Debtor apparently asserts that if the court were to approve the so-called "Waiver," she would not be able to later discharge the same debts in a later bankruptcy case. Because, as concluded herein, Debtor cannot waive the discharge entered on September 16, 2013, and because the Debtor has not filed a subsequent bankruptcy petition, the court finds 11 U.S.C. § 523(a)(10) to be inapplicable to the determination of whether the Debtor's so-called "Waiver" should be approved.

As previously stated in *In re Mi Jung Hong,* this court is persuaded by the plain meaning of 11 U.S.C. § 727(a)(10), as well as the reasoning of the court in *Newton* and *Bailey* that a bankruptcy debtor must timely file a waiver of discharge by the date of the entry of discharge in order for the waiver to be valid pursuant to 11 U.S.C. § 727(a)(10). *In re Mi Jung Hong,* 2014 WL 465562, slip op. at *5. In this case, the Chapter 7 bankruptcy discharge was entered in this case on September 16, 2013. Docket No. 14. Debtor filed her so-called "Waiver" on September 7, 2015. Docket No. 54. Because

1  Debtor filed her so-called "Waiver" after this court entered her Chapter 7 bankruptcy
2  discharge, this court determines that her purported waiver of her Chapter 7 bankruptcy
3  discharge under 11 U.S.C. § 727(a)(10) is untimely and therefore invalid.
4         Based on the foregoing analysis, Debtor's so-called "Waiver" of her Chapter 7
5  bankruptcy discharge, having been entered on September 16, 2013, is disapproved and
6  is declared to have no legal effect.  A separate final order consistent with this
7  memorandum decision is being entered concurrently.
8         IT IS SO ORDERED.
9                                              ###

Date: September 29, 2015

_____
Robert Kwan
United States Bankruptcy Judge